Alexandra O. Caval, ISB#7999
Caval Law Office, P.C.
P.O. Box 1716
Twin Falls, ID 83303-1716
T: 208.733.2035
F: 208.733.3919
alex@cavallawoffice.com

*Attorney for Nicholas Larson*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**NICHOLAS R. LARSON,**<br><br>Debtor. | **Chapter 7**<br><br>Case No. 20-40001-JMM |
| **GARY L. RAINSDON, Trustee**<br><br>Plaintiff,<br><br>v.<br><br>**NICHOLAS R. LARSON,**<br><br>Defendant. | Adversary Case No. 21-08003-JMM |

## AFFIDAVIT OF NICHOLAS LARSON

STATE OF IDAHO  )
                ) ss.
County of Twin Falls )

Nicholas R. Larson, having been first duly sworn upon oath, deposes and says as follows:

1. That I am of sufficient age and competency to testify before this Court and I make the following statements based upon my own personal knowledge.

AFFIDAVIT OF NICHOLAS R. LARSON – PAGE 1

2. I am the debtor in case no. 20-40001-JMM that was filed on January 1, 2020 and the defendant in this adversary case.

3. In December 2019 I learned that Transworld Systems Inc. (a creditor who had a $25,661.78 judgment against me and my ex-wife for medical debt) had obtained a writ of garnishment to begin garnishing my wages. I received a copy of that writ in the mail. The pending garnishment caused me to start looking for a bankruptcy attorney.

4. I found Kameron Youngblood through a referral from a friend and former client of Mr. Youngblood. He convinced me that filing a bankruptcy case would be a cost-effective method for dealing with my debt and that it would also stop the pending garnishment. As a result, I decided to file a chapter 7 bankruptcy case and I hired Mr. Youngblood as my attorney.

5. Although I retained Mr. Youngblood to represent me, the vast majority of my contact with his office was through Mark, his assistant. I do not know Mark's last name. I had very little direct contact with Mr. Youngblood during the course of my chapter 7 bankruptcy case.

6. The address listed in my bankruptcy case is 420 5th Ave W in Wendell, Idaho. While this address correctly reflects where I lived on the day that I filed my bankruptcy case, I cannot receive mail at this physical address because the postal service does not deliver mail to this location. Instead, I use a post office box for all of my correspondence. My correct mailing address when I filed my bankruptcy case was as follows: P.O. Box 813, Wendell, ID 83355. I specifically distinguished to Mark the difference between my mailing and physical address prior to filing the bankruptcy case.

7. I have not received any mailings from the court that were sent to me prior to March 17, 2021. On March 17, 2021, my current counsel, Ms. Caval, filed a change of address on my behalf to correctly list my mailing address and Ms. Caval provided a copy of that document to me

which I reviewed. Specifically, with respect to this adversary case, I never received a copy of the Income Tax Turnover Order that the trustee references in Paragraph 1(a) of his Complaint and which I am accused of disobeying.

8.  One important detail about the 2019 tax refunds occurred on or about January 12, 2020. While driving to eastern Idaho from Boise, Mark stopped in Wendell, Idaho, on the evening of January 12, 2020 and met with me and my father. This meeting took place at the Subway located at 573 S. Idaho Street in Wendell. I remember it, in part, because it was the only face-to-face meeting that I had with Mark and I also remember it because I paid Mark the $1,700 attorney fees that I owed to Mr. Youngblood in cash.

9.  In this meeting with Mark, I asked him whether I would lose my 2019 tax refunds to the trustee. I asked this question because I had learned from the friend who referred me to Mr. Youngblood that trustees sometimes took tax refunds. I wondered if that would happen in my case once I filed my 2019 tax returns. Mark told me to make the refund "disappear" which I understood to mean that I needed to spend the refund as soon as I received it. Mark further explained to me that if I had to pay any of the refund to the trustee it would be very little or nothing at all. I accepted that answer without further questions.

10. I originally provided a copy of my 2019 federal and state tax returns to Mr. Youngblood's office on February 16, 2020 by emailing my returns (and bank statements) to him at the following email address: youngbloodlaw@gmail.com. I understood this email address to belong to Mr. Youngblood because I had previously corresponded with his paralegal Mark through it. My 2019 tax returns were included in the attachment labeled "Doc Feb 16 2020." A true and correct copy of my email to Mr. Youngblood on February 16, 2020 is attached hereto as Exhibit "A."

AFFIDAVIT OF NICHOLAS R. LARSON – PAGE 3

11. On or about August 31, 2020 I received a letter from Mr. Rainsdon instructing me to send him a copy of my 2019 income tax returns along with my 2019 tax refunds within 10 days or he would take action against me including an adversary proceeding to revoke my discharge order. The letter was mailed to my post office address. The letter further instructed me to speak to my bankruptcy attorney if I had any questions. A true and correct copy of that letter that I received from Mr. Rainsdon is attached hereto as Exhibit "B."

12. After I received the trustee's letter, I immediately contacted Mr. Youngblood by reaching out to Mark by way of text message. I informed him that I received a letter from the trustee asking for my 2019 returns and refunds within 10 days. I also reminded Mark that I had sent him my 2019 returns back in February 2020. Mark indicated that he had it. Further, he stated to me that if we did an "amendment" then the trustee would only be able to request $2,030 and that the other $2,000 would be "exempted." He did not explain what he meant or how he calculated those figures any further but he offered to set up a 5-10 minute appointment for me to speak with Mr. Youngblood. While I was not happy about having to turn over money to the trustee, I did tell Mark that I could probably come up with the $2,030 he mentioned.

13. Mr. Youngblood never called me as I expected him to do given the seriousness of my problem. On September 3, 2020 I reached out to Mark again through text message and asked if I needed to contact the trustee myself. Mark responded by telling me that he would call me back.

14. On September 9, 2020 I again reached out to Mark to ask if anything had been figured out with the trustee because I was worried about the trustee's threat to revoke my discharge order. I just needed to know the amount I had to pay and was willing to pay the entire amount the trustee was asking just to be done with the matter. Mark responded by telling me he would get back to me later in the day.

15. Neither Mark nor Mr. Youngblood called me back on September 9, 2020. On October 14, 2020 I again reached out to Mark looking for an update on the tax refund issue with the trustee. I did not receive a response.

16. On January 9, 2021 I contacted Mark through text asking for an update on what was going on because it had been four months since I had heard from him. After I sent that January 9th text message, Mark called me to tell me he had emailed the trustee's office but he did not specify what he had emailed to the trustee.

17. On February 9, 2021 I text messaged Mark and asked him if he had received a response from the trustee to the January 9th email that Mark had sent to the trustee. I did not receive a response from Mark.

18. On or about February 22, 2021 I received a copy of the adversary complaint that the trustee filed in this instant case to revoke my discharge order along with a summons to respond to the complaint within 30 days. After I received the complaint and the summons, I texted Mark immediately and told him that he needed to contact me as soon as possible in light of the trustee's complaint. Mark never called me.

19. In addition to texting Mark, I also texted Mr. Youngblood directly as well and asked him to call me as soon as possible. Mr. Youngblood did not contact me on February 22, 2021 either by text or by phone after I asked him to call me. In fact, Mr. Youngblood did not contact me until March 1, 2021 when he finally called me to schedule a telephone conference with him for the following day. I told him I would take care of it myself. After I hung up the phone with Mr. Youngblood, I sent him the final text again telling him I would take care of the issue myself. At this point I realized that I needed to find a new lawyer to help me.

20. Attached hereto as Exhibit "C" is a true and correct copy of the relevant text messages that I exchanged with Mark between August 31, 2020 and February 22, 2021. Attached hereto as Exhibit "D" is a true and correct copy of the relevant text messages that I exchanged with Mr. Youngblood between February 22, 2021 and March 1, 2021.

21. On or about March 8, 2021 I retained Ms. Caval to represent me in the adversary case and in my main case as well.

22. On or about March 9, 2021, with assistance from my parents, I paid Mr. Rainsdon the sum of $5,019 which represented the amount of my 2019 tax refunds that belonged to the bankruptcy estate. Furthermore, on or about March 11, 2021, I paid an additional $350 to Mr. Rainsdon which represented the filing fee that he incurred because he had to initiate the adversary proceeding against me.

23. Further your Affiant sayeth naught.

DATED: April _15_, 2021.

_____
Nicholas R. Larson

SUBSCRIBED AND SWORN to before me on this 15 day of April, 2021.

_____
Notary Public
Commission Expires: 10/27/23

STASIA MASHA PARRA
COMMISSION #20170815
NOTARY PUBLIC
STATE OF IDAHO

AFFIDAVIT OF NICHOLAS R. LARSON – PAGE 6

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on April 15th, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gary Rainsdon
trustee@filertel.com

AND I FURTHER CERTIFY that on April 15th, 2021 I served the foregoing document on the following non CM/ECF Registered Participants in the manner indicated:

Nicholas Larson          ___ U.S. Mail
P.O. Box 813             ___ Hand Delivered
Wendell, ID 83355      _X_ Email
                                   ___ Fax

/s/ Alexandra O. Caval
Alexandra O. Caval, Attorney Defendant

AFFIDAVIT OF NICHOLAS R. LARSON – PAGE 7

# EXHIBIT "A"

# GARY L. RAINSDON
BANKRUPTCY TRUSTEE

July 31, 2020

Nicholas Ryan Larson
420 5th Ave. W.
Wendell, ID 83355

Re: Income Taxes
   Bankruptcy Case No. 20-40001-JMM, Filed 01/01/2020

Dear Mr. Larson:

I am the duly appointed, qualified, and acting Trustee in your bankruptcy case. Please reference the Income Tax Turnover Order which was entered in your bankruptcy case. You are required to turn over to me copies of your federal and state tax returns and all tax refunds as directed in that Income Tax Turnover Order.

Please comply with the Income Tax Turnover Order by sending me your 2019 income tax returns and all refunds within the next 10 days or I will take appropriate action, which may include an adversary proceeding to revoke the discharge pursuant to 11 USC § 727(d)(3). If you receive a tax refund check from the government, do not endorse the check. Just send it to me. If you receive refunds by direct deposit, please make a check payable to Gary L. Rainsdon, Trustee for the full amount of your refunds.

I look forward to your prompt cooperation with this request and the Income Tax Turnover Order. If you have any questions, please contact your bankruptcy attorney.

Sincerely,

Gary L. Rainsdon
Chapter 7 Trustee

cc: Kameron M. Youngblood

# EXHIBIT "B"

## Nicholas Larson

| | |
|---|---|
| **From:** | Nicholas Larson <nrlarson@cableone.net> |
| **Sent:** | Sunday, February 16, 2020 2:11 PM |
| **To:** | youngbloodlaw@gmail.com |
| **Subject:** | 2019 tax returns, december bank statements |
| **Attachments:** | Untitled attachment 00273.txt; Doc Feb 16 2020.pdf |

Attached is my 2019 tax returns and the bank statements that were supposedly missing. They were faxed up january 3rd but here they are again. Mark got my username and password from me to get what he needed from my usbank account. He can access again if he needs. I've changed nothing.

Nicholas

1

# EXHIBIT "C"

# Youngblood Law Office

**Monday, August 31, 2020**

> Got a letter from trustee saying he needs my 2019 taxes and my refund. That money is gone.

> He wants within 10 days. — 17:39

Did you send us your tax return? — 17:40

> Back in February. — 17:40

OK. I'll look. — 17:40

> If he wants money, he can get from ex-wife. I only wanted her stuff gone, not mine. But they're gone too. If I had to pay more to her crap I wouldn't have file and just sued to get me out of it. — 17:42

> February 16th I sent — 17:44

I've got it. If we do an amendment, then the amount that the trustee will be able to request is $2,030. The other $2,000 will be exempted. — 17:45

> What kind of amendment? I'm not paying for anymore of her stuff. Thats why i have nothing. — 17:46

The Court is going to say this: if you don't give the tax return to the trustee, the trustee is able to object to the discharge, meaning that you may end up paying everything, anyway. I suggest that we schedule a 5-10 minute appointment for you to chat with Kameron Youngblood. Does that sound good?



**Youngblood Law Office**

> Anything been figured out yet? I'm needing to get this paid or taken care of some way. Just need an amount. — 10:00

> Nicholas, I'll get back to you today. — 10:03

> Ok thanks — 10:03

> If it has to be the full amount, I can cover it. Just as long as this is done and over with. — 10:19

*Wednesday, October 14, 2020*

> Was wondering if it was today yet. Been over a month since I've heard anything. — 10:00

*Saturday, January 9, 2021*

> Been just over a year since this was filed and 4 months since you said you'd call. Whats going on? — 12:00

*Monday, February 8, 2021*

> Wondering if you heard back from the trustee from when you said you emailed him on January 9th. — 17:00

*Monday, February 22, 2021*

> You need to give me a call as soon as possible. Got a notice from trustee about revoking my discharge. — 12:33

# EXHIBIT "D"

**KAMERON YOUNGBL**

Add to contacts    Block number

Thursday, January 9, 2020

Nick this is Kameron give me a call thank you   18:12

Monday, February 10, 2020

10:44   Do i just walk into the bankruptcy court room?

Yes you can   10:45

Alright. Thanks.   10:46

Monday, February 22, 2021

12:34   You need to give me a call as soon as possible. Got a notice from trustee about revoking my discharge.

Monday, March 1, 2021

15:16   Thanks for calling a week after I asked. I'll get it taken care of. I called trustee myself after getting no reply from you or Mark last Monday, the 22nd.